IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BOBBIE J. TRUCKLEY,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,

    Defendant.

Civil Action No. 12-846

O R D E R

AND NOW, this 22nd day of May, 2013, upon consideration of Defendant's Motion to Dismiss Plaintiff's Complaint (document No. 8) and Brief in Support thereof (document No. 9) filed in the above captioned matter on November 6, 2012, and upon further consideration of Plaintiff's Response thereto (document No. 12) filed on November 27, 2012,

IT IS HEREBY ORDERED that said Motion to Dismiss is GRANTED.

Upon review of the record, the Court finds that Plaintiff's complaint is time-barred by the Social Security Act's sixty-day statute of limitations. Under the regulations, Plaintiff was required to commence a civil action within sixty days after she received the Appeals Council's letter denying her request to review

the Administrative Law Judge's decision.[1] See 42 U.S.C. § 405(g); see also 20 C.F.R. § 422.210(c). Plaintiff is presumed to have received the Appeals Council's notice of denial within five days of the date of the notice, unless there is a reasonable showing to the contrary. See 20 C.F.R. § 422.210(c); see also Appeals Council's Notice of Denial (document No. 9-1 at 25).

The record shows that the Appeals Council denied Plaintiff's request for review on March 19, 2012, and that the notice of denial was mailed to Plaintiff's address at 126 Boyd Road, Kittanning, PA 16201. (See document No. 9-1 at 3). The notice informed Plaintiff of the sixty-day appeal period and advised that she may seek an extension of time from the Appeals Council upon written request and a showing of good cause. (See document No. 9-1 at 25). Since the Appeals Council's letter was dated March 19, 2012, Plaintiff was presumed to have received the denial notice by March 24, 2012. Plaintiff thus was required to file the complaint on or before May 23, 2012. See 20 C.F.R. § 422.210(c); see also

---

[1] 42 U.S.C. § 405(g) specifically provides that:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, <u>may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision</u> or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added).

Raffinee v. Comm'r of Soc. Sec., 367 Fed. Appx. 379, 380 n.1 (3d Cir. 2010). Plaintiff, however, did not file the complaint until June 22, 2012, one month after the limitations period expired. See Complaint (document No. 1-1). There is no evidence that Plaintiff requested an extension of time from the Appeals Council to file her complaint. See Jones Declaration (document No. 9-1 at 3).[2]

"The sixty-day appeal period is a statute of limitations and is not jurisdictional." Kramer v. Comm'r of Soc. Sec., 461 Fed. Appx. 167, 169 (3d Cir. 2012). If the complaint is not filed within the sixty-day appeal period, the action is barred by the statute of limitations and must be dismissed as untimely, unless the Court finds a basis to apply the doctrine of equitable tolling. See id. at 169. Equitable tolling, however, is "to be applied sparingly." Id. at 169 (quoting National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002)). As the United States Court of Appeals for the Third Circuit explained:

> Where, as here, the plaintiff has missed the deadline for filing, there are three principal bases for applying the doctrine of equitable tolling: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.

---

[2] The record indicates that Plaintiff mailed the civil complaint on June 19, 2012, and that it was received by the Clerk's Office on June 22, 2012.

Kramer, 461 Fed. Appx. at 169-70 (quoting Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir.1994)) (internal quotations omitted).

The Court finds no justification for equitable tolling in this case as Plaintiff has failed to offer any explanation for why she failed to file the complaint by May 23, 2012. In her response to Defendant's motion, Plaintiff states only that the Social Security office had to resend her "a few papers" that she did not receive due to the fact that she moved in August of 2012. (Document No. 12). The Appeals Council's letter, however, was sent to Plaintiff on March 19, 2012, approximately five months prior to her move. Plaintiff does not specifically allege that she never received the Appeals Council's letter, and, based on the evidence of record, the Court cannot conclude that Plaintiff never received the notice of denial. In this Court's estimation, the fact that Plaintiff ultimately filed a complaint, albeit untimely, strongly suggests that she *did* receive the notice of denial. Plaintiff therefore has not shown good cause for her failure to file the complaint within the sixty-day appeal period. Accordingly, the Defendant's Motion to Dismiss Plaintiff's Complaint is granted.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

cc: Bobbie J. Truckley
821 Deanville Road
New Bethlehem, PA 16242
(forwarded certified mail, return receipt requested;
and regular first class mail)